# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EARL EVANS,<br><br>         Petitioner,<br><br>   v.<br><br>JAMES TILTON,<br><br>         Respondent.<br>_____/ | CV F   07-00678 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>[Doc. 11] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

On June 3, 2004, following jury trial, Petitioner was found guilty of attempted voluntary manslaughter (a lesser included offense to count one), co-habitant abuse with great bodily injury (count two), and misdemeanor assault (a lesser included offense to count three). On June 4, 2004, the trial court found that Petitioner had been previously convicted of robbery on two occasions. On July 1, 2004, Petitioner was sentenced to a term of 14 years plus 25 years-to-life. (Exhibit A, attached to Motion.)

On November 18, 2005, the California Court of Appeal for the Fifth Appellate District, affirmed the conviction and sentence in a reasoned decision. (Id.)

On December 27, 2005, Petitioner filed a petition for review with the California Supreme Court. (Exhibit B, attached to Motion.) The petition raised the following three issues: (1) "Was

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

1

defendant denied due process where the evidence in support of the People's case in chief did not substantially support an intent to kill?" (2) "Was appellant denied due process and a fair trial by an impartial jury where the court gave conflicting/ambiguous instructions on the element of a specific intent to kill?" (3) "Was defendant denied due process and effective assistance of counsel because counsel failed to object to police testimony that no further investigation was performed because police were sure appellant was the suspect?" (Id.) The California Supreme Court denied review without comment on February 1, 2006. (Exhibit C, attached to Motion.)

Prior to the Court of Appeal issuing its decision, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court on June 21, 2004. The petition was denied on June 24, 2004.

No other post-conviction collateral petitions were filed in the state courts.

On May 1, 2007, Petitioner delivered the instant federal petition for writ of habeas corpus to prison authorities, and the petition was filed on May 4, 2007. The petition raises the following five grounds for relief: (1) ineffective assistance of counsel because counsel failed to object to police testimony that no further investigation was performed because police were sure Petitioner was the suspect; (2) The evidence was insufficient to support an intent to kill; (3) Petitioner was denied due process by an improper jury instruction which omitted the element of a specific intent to kill; (4) Ineffective assistance of appellate counsel because counsel failed: (A) to argue that trial counsel was ineffective for failing to prepare for the court trial on his prior convictions; (B) to argue that the jury pool was deficient; (C) to argue that trial counsel should have made a motion for a new trial; and (5) the jury panel was unconstitutional because it did not contain any Afro-Americans.

On May 17, 2007, the Court issued an order directing Respondent to file a responsive pleading. Respondent filed the instant motion to dismiss on July 16, 2007. Petitioner did not file an opposition.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court."

3

Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

4

1  Respondent argues that the instant petition is subject to dismiss as a mixed petition
2 containing both exhausted and unexhausted claims.
3  The Court has reviewed the petition for review filed with the California Supreme Court.
4 (Exhibit B, attached to Motion.)  Grounds Four and Five were not presented in the petition for
5 review and are therefore unexhausted.
6  The instant petition is a mixed petition containing exhausted and unexhausted claims.
7 The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to
8 exhaust the claim if he can do so.  See Rose, 455 U.S. at 521-22.  However, Petitioner will be
9 provided with an opportunity to withdraw the unexhausted claims and go forward with the
10 exhausted claims.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this recommendation to file a motion to withdraw the unexhausted claims; and
2. Alternatively, if Petitioner does not file the motion, Respondent's motion to dismiss and dismiss the petition for writ of habeas corpus without prejudice.[2] This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

IT IS SO ORDERED.

Dated:   **September 10, 2007**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE